IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02687-PAB-BNB

ERIC MARSHALL,

    Plaintiff,

v.

KEVIN MILYARD, Warden,
MICHAEL NEGLEY, Captain,
TWEETEN, Lieutenant,
JOHN DOE, MORKERT, Lieutenant,
BELCHER, Sergeant,
JOHN CHAPDELINE, Associate Warden,
ARISTEDES W. ZAVARAS, Executive Director, and
LLOYD WAIDE, Major,

    Defendants.
_____

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on September 2, 2010 [Docket No. 50] (the "Recommendation"). The Recommendation concludes that defendants' motion to dismiss [Docket No. 25] should be granted in part and denied in part.

Objections to the Recommendation were due within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions,

under a *de novo* or any other standard, when neither party objects to those findings."). On the other hand, where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed. R. Civ. P. 72(b).

The Recommendation was served on September 2, 2010. Defendants did not file an objection to any portion of the Recommendation, including the recommendation that parts of defendants' motion to dismiss be denied. Therefore, the Court reviews these portions of the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court concludes that the Recommendation is a correct application of the facts and the law.

Plaintiff has filed a timely objection [Docket No. 59] to the magistrate judge's Recommendation. However, he only objects to the portions of the Recommendation addressing his third and fifth claims. The Court, therefore, reviews the magistrate judge's unobjected-to recommendations of dismissal – regarding plaintiff's fourth and sixth claims – to satisfy itself that there is "no clear error on the face of the record." The Court finds no clear error in the recommendation that plaintiff's fourth and sixth claims be dismissed.

Turning to the claims about which plaintiff filed an objection, the magistrate judge recommended dismissal of plaintiff's third claim due to the lack of "any factual

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

allegations to show that the plaintiff was similarly situated to the inmates who received different disciplinary sanctions." Recommendation at 18. In his objection, plaintiff argues that he was sanctioned differently than other inmates charged with various Code of Penal Discipline violations. However, plaintiff's objection, like his complaint, fails to demonstrate that he was similarly situated to the individuals he claims were disciplined differently. The Court cannot decipher what the alleged infractions were that led to the discipline or what plaintiff's disciplinary history was. Without such information, the Court cannot compare other inmates' situations and cannot evaluate plaintiff's otherwise conclusory allegations regarding the disparity in treatment.

"Equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "[T]he Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Coalition for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). Under Federal Rule of Civil Procedure 8(a)'s "short and plain statement" mandate, a plaintiff must allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements such as "plaintiff is similarly situated" or "plaintiff was treated differently" are not sufficient. *See Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). A

plaintiff's complaint must present facts which demonstrate that such a statement is true. Here, plaintiff has not presented facts from which the Court could conclude that he was treated differently than individuals who are similarly situated in all relevant respects. Therefore, the Court agrees with the magistrate judge's conclusion that plaintiff's equal protection claim should be dismissed.

Plaintiff also objects to the magistrate judge's recommendation regarding plaintiff's fifth claim, which is based upon a retaliation theory. The magistrate judge correctly stated the governing law:

> "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his rights to access the courts." *Smith v. Mashner*, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even if the action taken in retaliation would be otherwise permissible." *Id.* at 948. An inmate, however, is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Therefore, to prevail on a claim of retaliation a plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Id.* (quotations and citation omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (quotations and citation omitted) (emphasis in original).
>
> The presentation of circumstantial evidence such as temporal proximity, a chronology of events, or suspicious timing may be sufficient to support allegations of retaliation. *See Smith*, 899 F.2d at 949 (holding that the inmate sufficiently supported retaliation claim with "only means available to him – circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants"); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979) (holding that the plaintiff's allegations of a "chronology of events" may be read as "providing some support for an inference of retaliation"); *Harris v. Fleming*, 839 F.2d 1232, 1236-38 (7th Cir. 1988) (finding that the pattern and timing of firings and cell transfers were sufficient to establish a question of retaliation).

Recommendation at 18-19 (footnote omitted) (emphasis in original). Regarding the facts of this particular case, the magistrate judge stated:

> The plaintiff alleges that on February 20, 2009, Waide and Milyard had the plaintiff removed from orientation and placed in administrative segregation; on March 2, 2009, Milyard overturned a captain's recommendation that the plaintiff be removed from administrative segregation; each week that the plaintiff was given a review, Waide would keep the plaintiff in administrative segregation; Waide sent the plaintiff to Unit One, Pod C in August 2009; and on September 21, 2009, Waide responded to the plaintiff's grievance by falsely stating that the plaintiff had DOC convictions for tattooing, assault, and involvement in a security threat group. *Id.*
>
> The defendants' alleged retaliatory actions did not begin until almost one year after the plaintiff's previous action was filed. Consequently, the plaintiff's allegations are not sufficient to create an inference of suspicious timing. The Complaint does not contain any other factual allegations to support an inference that the defendants' actions were retaliatory.

Recommendation at 19-20. The Court respectfully disagrees with the magistrate judge's factual conclusions regarding this claim.

Plaintiff's complaint states that "Defendant Lloyd Waide and Defendant Kevin Milyard has [sic] been retaliating against this plaintiff since arriving at Sterling Correctional Facility that is controlled by defendant Milyard." Prisoner Compl. [Docket No. 3] ("Compl.") at 14. While the syntax of plaintiff's claim makes it somewhat unclear to whose arrival he refers, plaintiff states in his objection that he was returned to the Sterling Correctional Facility on February 16, 2009. Therefore, within weeks, rather than within a year, of his arrival at Sterling and his placement under the supervision of defendants Waide and Milyard, the alleged retaliatory acts began.

5

As a result, rather than the lapse of a year defeating an inference of suspicious timing, the relatively brief time period between plaintiff's arrival at Sterling in February 2009 and the beginning of the purported adverse actions supports such an inference.

This inference is buttressed by plaintiff's other allegations. For example, plaintiff claims that defendants Waide and Milyard overruled the recommendation of other facility personnel in assigning and later maintaining plaintiff in administrative segregation. *See* Compl. at 14. Plaintiff also reports that defendant Waide manufactured infractions in order to excuse disciplinary action. At the motion to dismiss stage, it is not within the Court's purview to adjudge the plausibility of the alleged facts. *Bryson*, 534 F.3d at 1286. Therefore, accepting plaintiff's allegations as true, the Court concludes that plaintiff has pled a plausible claim for retaliation that survives dismissal.

On September 27, 2010, plaintiff filed an untimely objection [Docket No. 62] to the magistrate judge's recommendation that all claims against defendants Zavaras and Chapdeline should be dismissed. The Court need not determine whether good cause exists to excuse the objection's untimeliness. Reviewing the issue *de novo*, the Court concludes that plaintiff failed to adequately allege personal participation by defendants Zavaras and Chapdeline in the alleged constitutional violations. In his objection, plaintiff cites the Colorado statutory provisions delineating defendant Zavaras' supervisory responsibilities. Defendant Zavaras' role, however, must have been "more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (citing *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996)). Consequently, the Court will dismiss all the claims against defendants Zavaras and Chapdeline.

In accordance with the foregoing, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 50] is ACCEPTED in part and DECLINED in part. The Court accepts the Recommendation with respect to plaintiff's first, second, third, fourth, and sixth claims. The Court declines the Recommendation with respect to plaintiff's fifth claim for relief. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 25] is GRANTED in part and DENIED in part. All of plaintiff's claims against the defendants in their official capacities for retroactive monetary relief are DISMISSED. All of plaintiff's claims against defendants Zavaras and Chapdeline are DISMISSED. Plaintiff's third, fourth, and sixth claims are DISMISSED. Plaintiff's first, second, and fifth claims survive and may proceed. Plaintiff's claim for compensatory damages survives and may proceed. It is further

**ORDERED** that any final judgment entered upon resolution of all claims against all parties in this case shall reflect the rulings in this order.

DATED September 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge