IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02687-PAB-BNB

ERIC MARSHALL,

Plaintiff,

v.

KEVIN MILYARD, Warden,
MICHAEL NEGLEY, Captain,
TWEETEN, Lieutenant,
JOHN DOE, MORKERT, Lieutenant,
BELCHER, Sergeant, and
LLOYD WAIDE, Major,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on my Order to Show Cause [Doc. #65] issued on October 26, 2010. For the following reasons, I respectfully RECOMMEND that this case be dismissed for failure to provide the court with a change of address as required by D.C.COLO.LCivR 10.1M.

The plaintiff filed his Prisoner Complaint [Doc. #3] (the "Complaint") on November 17, 2009. At that time, he was incarcerated by the Colorado Department of Corrections at the Sterling Correctional Facility. Because it appeared from the record that the plaintiff had been released on parole and the court had not received a notice of change of address as required by D.C.COLO.LCivR 10.1M, I ordered the plaintiff to show cause on or before November 16, 2010, why the Complaint should not be dismissed for failure to keep the Court informed of his

current address in violation of D.C.COLO.LCivR 10.1M.  See  D.C.COLO.LCivR 41.1.[1]  I warned the plaintiff that his failure to respond to my order on or before November 16, 2010, would result in my recommendation that the Complaint be dismissed in its entirety.

On November 4, 2010, the plaintiff filed a paper entitled "Change of Address" [Doc. #66].  He states that he is no longer in prison and has only an email address at this time.  He requests that he be permitted to "communicate with the courts and defendants by E-Mail address."

The plaintiff has not sought nor received authorization to proceed using electronic filing pursuant to D.C.COLO.LCivR 5.6.  Therefore, the court cannot communicate with him by electronic means, and his submission of an email address does not constitute a proper change of address.

I respectfully RECOMMEND that this case be dismissed pursuant to D.C.COLO.LCivR 41.1 based on the plaintiff's failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections

---

[1]Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 1, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge