IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02687-PAB-BNB

ERIC MARSHALL,

    Plaintiff,

v.

KEVIN MILYARD, Warden,
MICHAEL NEGLEY, Captain,
TWEETEN, Lieutenant,
JOHN DOE, MORKERT, Lieutenant,
BELCHER, Sergeant, and
LLOYD WAIDE, Major,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on plaintiff's motion for order [Docket No. 86]. Plaintiff's motion is titled "Motion: Excussiable Neglect," but appears to seek an opportunity to object to the Recommendation of United States Magistrate Judge Boyd N. Boland ("Recommendation") [Docket No. 70], which the Court accepted on January 24, 2011 [Docket No. 75]. The Recommendation stated that plaintiff had failed to update his address with the Court after his release from prison and recommended dismissal of his case for failure to prosecute. The Recommendation also advised plaintiff of the time period for objecting and the consequences for failure to object. *See* Docket No. 70 at 2-3. After plaintiff did not object, the Court accepted the Recommendation and dismissed his case. *See* Docket No. 75.

Plaintiff now states that he was suffering mental illness and was homeless and therefore did not update the Court on his address. He also states that he did not have an opportunity to object to the Recommendation because he did not receive it and that his email address did not "have any motions" from the Court. *See* Docket No. 86 at 3. However, the Court directed the Clerk to send the Recommendation to plaintiff's email address and the Clerk certified that the Recommendation was emailed to him. *See* Docket No. 72. Plaintiff had notice of the Recommendation and nonetheless failed to object to it, thereby waiving *de novo* review by the Court. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985).

Moreover, dismissal of plaintiff's case was appropriate. Plaintiff was released on parole in October 2010. Despite this change in address, he did not update his address with the Court pursuant to D.C.COLO.LCivR 10.1M. Therefore, the magistrate judge issued an order directing him to show cause on or before November 16, 2010 why his complaint should not be dismissed. *See* Docket No. 65. Plaintiff did not respond to the order to show cause and, on December 1, 2010, the magistrate judge recommended dismissal. *See* Docket No. 70. Although plaintiff did not cause much prejudice to defendants by his absence from this litigation from October 2010 to February 2011, other factors weighed in favor of dismissal. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (stating factors for district courts to consider when dismissing case as sanction); *In re Hopkins,* 1998 WL 704710 (10th Cir. Oct. 5, 1998) (applying *Ehrenhaus* factors to dismissal for failure to prosecute). Plaintiff failed to provide the Court with an updated address in response to its order to show cause or respond to the

order whatsoever, a failure demonstrating a lack of respect for the Court and interference with the judicial process.  *See Oliver v. Wiley*, Civil Action No. 09-cv-00441-PAB, 2010 WL 3307611, at *2 (D. Colo. Aug. 18, 2010).  Although plaintiff's homelessness during this period may have made it more difficult to apprise the Court of his address, thereby making him less culpable, plaintiff also did not advise the Court of this issue or apply to receive filings by electronic mail.  Moreover, although he claims he is seeing a mental health professional now, he does not identify any mental illness which interfered with his ability to update his address.  Plaintiff's pro se status does not excuse his obligation to comply with the same rules of procedure that govern other litigants.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Plaintiff was also warned in advance that dismissal would be a likely sanction for his failure to update his address and respond to the Court's orders and yet he ignored the order to show cause and the recommendation.  Finally, as plaintiff was proceeding *in forma pauperis* in this case, a lesser, monetary sanction would not be effective.  Therefore, the Court will deny plaintiff's motion.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion: Excussiable Neglect [Docket No. 86] is **DENIED**.

DATED July 5, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge